United States District Court
Southern District of Texas

**ENTERED**

April 06, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MOISES ALVAREZ OLVERA,<br>　　　Petitioner, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-01300 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| KRISTI NOEM, *et al*,<br>　　　Respondents. | §<br>§<br>§ | |

### ORDER ON DISMISSAL

Petitioner Moises Alvarez Olvera filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 18, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at ¶¶50–74.

Prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), interpreting 8 USC §1225(b)(2)(A) to subject anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 4 at 1–2; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect as *Buenrostro-Mendez*). That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. See Dkt 4 at 2–4.

It was determined that the arguments presented in the petition raised only issues resolved in those decisions. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5.

Pending now is a response by Petitioner to that order. Dkt 6. He largely relies on the decision in *Bautista v Santacruz,* 2026 WL 468284 (CD Cal), which purported to vacate *Matter of Yajure Hurtado*. But the Ninth Circuit recently stayed that order pending appeal, determining that the government demonstrated "a likelihood of success on its position that the district court lacked jurisdiction to vacate the BIA's decision in *Yajure Hurtado*." See *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17. It is further noted that the Ninth Circuit also stayed the *Bautista* class certification order insofar as it extends beyond the Central District of California upon determination "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class." Ibid. *Bautista* thus has no preclusive or persuasive value here.

Petitioner also attempts to distinguish *Buenrostro-Mendez* on grounds that the petitioner in that case conceded he was an *applicant for admission*, whereas Petitioner here makes no such concession. Dkt 6 at 2. But an "applicant for admission" is broadly defined to include any "alien present in the United States who has not been admitted." 8 USC §1225(a)(1). Petitioner alleges that he is a "citizen of Mexico who has resided in the United States since 1999." Dkt 1 at ¶14. Notably, he doesn't allege that he was ever admitted to the United States. To the contrary, he admits that he's been residing here "without authorization" to do so. Id at ¶62. It isn't necessary for Petitioner to *concede* he's an "applicant for admission," where the undisputed record establishes that he is present in the United States without having been admitted. This in turn means that detention is lawful under 8 USC §1225(b)(2)(A).

The response otherwise fails to present argument or individualized circumstances supporting a different result than reached in prior decisions upon presentation of the same issues. See Dkt 4 at 2–4.

The petition for writ of *habeas corpus* by Petitioner Moises Alvarez Olvera is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 6, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge